1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO JAMICHAEL SEVERSON,

          Plaintiff,

  v.

VLADIMIR PUTIN; NW EZ AUTO,

          Defendants.

CASE NO. 2:25-cv-01032-JHC

ORDER

       This matter comes before the Court sua sponte on pro se Plaintiff Alonzo Jamichael Severson's Complaint. Dkt. # 5.

       A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements

ORDER - 1

of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Even under a liberal construction of the Complaint, Plaintiff fails to state a claim for relief. The Complaint does not include any specific facts that show that Plaintiff is entitled to the relief he seeks. Instead, it includes only vague assertions and conclusory statements. For example, in the "facts underlying your claim(s)" section, the Complaint states only "Loss of lifes work. Loss of life." Dkt. # 5 at 4. The Complaint also does not explain how the named Defendants participated in the alleged misconduct nor how they can fairly be treated as local, state, or federal officials acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," as required by 42 U.S.C. § 1983. *See generally id.* Given these and other deficiencies, the Court finds that the Complaint must be dismissed for failure to state a claim.

Accordingly, the Court DISMISSES Plaintiff's Complaint (Dkt. # 5) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if he wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

Dated this 2nd day of December, 2025.

John H. Chun
United States District Judge

ORDER - 2